**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Civil Action No. _____

SUSAN BYERS, individually; and
RACHEL HIGGINS as Personal Representative of the Estate of Darelle Byers, deceased,

    Plaintiffs,

v.

CENTRAL TRANSPORT LLC;
GERARDO HERRERA-MONTOYA, and
MIKE'S TIRES & SERVICE, INC.,

    Defendants.

---

**NOTICE OF REMOVAL**

---

Defendant Central Transport LLC and Gerardo Herrera-Montoya ("CT Defendants"), by and through counsel, Hall & Evans, L.L.C., submit this notice of removal based on diversity jurisdiction for the purpose of removing the above-entitled action from the First Judicial District, County of Santa Fe, State of New Mexico to the United States District Court for the District of New Mexico, and state as follows in support of this removal:

    1.    Plaintiff Susan Byers is an individual, who is a resident of New Mexico. *See First Amended Complaint at ¶7, attached as **Exhibit O**.* Darelle Byers, deceased, was a resident of New Mexico at the time of his death. *Id.* at ¶5. Rachel Higgins is the Personal Representative of the Estate of Darelle Byers and Ms. Higgins is a resident of New Mexico. *Id.* at ¶6.

    2.    Defendant Central Transport LLC is a foreign limited liability company. *See **Exhibit O** at ¶1. **Exhibit S**, Answer of CT Defendants to Plaintiffs' First Amended Complaint at*

¶1.   Defendant Central Transport LLC, is a limited liability company organized under the laws of Indiana, with its principal place of business in Michigan.  It has two members, MJM Investment Holdings, LLC, and MTM Investment Holdings, LLC.  Both of its members are Indiana limited liability companies, with their principal places of business in Michigan.  The sole member of MJM Investment Holdings, LLC, is Manuel J. Moroun, as Trustee of the Manuel J. Moroun Trust u/t/a dated 03/24/77, as amended and restated.  Manuel J. Moroun is an individual citizen and resident of the state of Michigan.  The sole member of MTM Investment Holdings, LLC is Matthew T. Moroun.  Matthew T. Moroun is an individual citizen and resident of the state of Michigan.  Therefore, for purposes of diversity citizenship under 28 U.S.C. § 1332, Central Transport is deemed to be a citizen of the state of Michigan based on the citizenship of its members' individual members.  **Exhibit W,** *Declaration of Kevin Kalczynski.*

3.   Defendant Gerardo Herrera-Montoya is a resident of Texas.  **Exhibit O,** *at ¶2.* **Exhibit S,** *at ¶2.*

4.   Defendant Mike's Tires and Service, Inc. ("Defendant Mike's Tires") is a New Mexico corporation with its principal office in New Mexico.  **Exhibit O** *at ¶3.*  **Exhibit R***, Mike's Tires' Answer to First Amended Complaint at ¶1.*

5.   On July 17, 2018, Plaintiffs Darelle Byers and Susan Byers filed a civil action against CT Defendants and Defendant Mike's Tires in the First Judicial District, County of Santa Fe, State of New Mexico, No. D-101-CV-2018-02066, *Darelle Byers, et. al. v. Central Transport LLC, et. al*.  **Exhibit A,** *Original Complaint to Recover Damages for Negligence.*  On December 11, 2018, Plaintiffs filed their First Amended Complaint, substituting Rachel Higgins as Personal Representative of the Estate of Darelle Byers for Plaintiff Darelle Byers.  **Exhibit O.**

6. Plaintiffs allege that Defendant Gerardo Herrera-Montoya was driving a Central Transport tractor-trailer in the course and scope of his employment when he allegedly struck the rear of a pickup truck driven by Darelle Byers and in which Susan Byers was a passenger. ***Exhibit O* at ¶¶10-15**. The State of New Mexico Uniform Crash Report in regard to the accident identifies the Byers' pickup truck as a red 1996 Ford with a Tennessee License Plate number 9L77F2 and VIN 1FTEF15Y6TNA10922. ***Exhibit X****, State of New Mexico Uniform Crash Report at Darrelle Byers 510226-000001 – 000005*.

7. In their First Amended Complaint, Plaintiffs assert claims against Defendant Mike's Tires based on the following allegations:

   a. Defendant Mike's Tires "had performed work on the Byers pickup truck and missed a defect / issue that contributed to the pickup truck stalling." ***Exhibit O***, at ¶13.
   b. Defendant Mike's Tires "performs inspections and maintenance on automobiles." *Id.* at ¶36.
   c. Defendant Mike's Tires "performed inspection, performed work and maintenance on the subject Byers pickup truck" and "failed to detect, identify and correct an issue with the Byers pickup truck." *Id.* at ¶¶37, 38.
   d. "A reasonably prudent automobile shop exercising ordinary care would have detected, identified and corrected the issue with the Byers pickup truck." *Id.* at ¶ 39.
   e. The alleged negligence on the part of Defendant Mike's Tires "was the cause of the wreck that injured the Byers and the problem with the truck that caused the truck to stall out on the roadway." *Id.* at ¶40.

8. Defendants Central Transport LLC and Gerardo Herrera-Montoya filed their Answer to the Original Complaint on August 27, 2018. *See ****Exhibit H****, Defendants' Answer to Original Complaint*.

9. In response to Defendants' discovery requests, Plaintiffs failed to present any evidence to support their allegations against Defendant Mike's Tires. Pursuant to Plaintiff Susan

Byers' Objections and Answers to Defendant Gerardo Herrera-Montoya's First Interrogatories served on November 2, 2018 (*Exhibit Y*), she answers Interrogatory Nos. 17 and 19 as follows:

> INTERROGATORY NO. 17.  Please state each and every date upon which you took the vehicle involved in the accident to Mikes Tire & Service, for inspection, work and maintenance, the nature of the "defect/issue" with the involved vehicle, the reason why you took the involved vehicle to Mike's Tires & Service, and the nature of the work performed by Mike's Tire & Service referenced in your Complaint.
>
> **ANSWER:  Plaintiff objects this Interrogatory is overly broad, and unduly burdensome.  Plaintiff further objects that this Interrogatory is invasive of the core attorney work product privilege and consulting expert privilege, calls for speculation from Plaintiff, herself.  Subject to and without waiving the foregoing, Defendant is referred to the Complaint on file, the documents produced in the case and the anticipated testimony.**

\*\*\*

> INTERROGATORY NO. 19. Without referring to the allegations of your Complaint, please state, specifically and in detail, what you feel Mike's Tires & Service did or failed to do, which caused or contributed to the accident at issue in your Complaint.
>
> **ANSWER:  Plaintiff objects this Interrogatory is overly broad, and unduly burdensome.  Plaintiff further objects that this Interrogatory is invasive of the core attorney work product privilege and consulting expert privilege, calls for speculation from Plaintiff, herself, and is premature as discovery is ongoing.  Subject to and without waiving the foregoing, Defendant is referred to the Complaint on file, the documents produced in the case and the anticipated testimony.**
>
> *Exhibit Y*, at p.5.

10.  In response to both Interrogatory Nos. 17 and 19 requesting sworn evidence as to the allegations of Plaintiffs against Defendant Mike's Tires, Plaintiff Susan Byers refers to "the Complaint on file, the documents produced in the case and the anticipated testimony." *Id.* Not only did this Plaintiff fail to provide any testimony, affidavits or other evidence of liability against Mike's Tires, but also she wholly failed to produce any "documents" supporting her allegations.

11.     Despite the efforts of Defendants, they have discovered no document or testimony which provides any evidence at all to support Plaintiffs' allegations against Defendant Mike's Tires.  There is not an iota of evidence to support Plaintiffs' assertions that Defendant Mike's Tires performed inspection, work, or maintenance on the Byers' pickup truck.  Nor has any evidence been discovered that Defendant Mike's Tires was negligent, or that any alleged negligence of Defendant Mike's Tires caused the accident or the truck to stall.  *See* **Exhibit O** *at ¶13, 36-40*. Moreover, Plaintiff Susan Byers failed to reference any such specific evidence in her discovery responses.  **Exhibit Y**, *at p. 5*.

12.     On November 2, 2018 Plaintiff Susan Byers served her Objections and Responses to Defendant Central Transport LLC's First Requests for Production.  No document supporting Plaintiffs' allegations against Mike's Tires was produced, and nothing was supplemented.  Such documentation would have been responsive to the Requests for Production:

> REQUEST NO. 13. Please produce any and all documents you intend to offer as an exhibit at the time of trial of this matter.
>
> RESPONSE:
> Although Plaintiff has not yet determined which documents she will use at the time of trial, see documents enclosed herein.
>
> REQUEST NO. 14. Please produce any and all documents identified in, and responsive to, your Answers to Interrogatories.
>
> RESPONSE:
> See enclosed herein.
>
> REQUEST NO. 17. Please produce all maintenance records, bills, estimates, invoices, receipts and other correspondence or documents regarding the Ford pickup truck involved in the accident at issue in your Complaint.
>
> RESPONSE:
> Requested documents were kept in the subject vehicle.  Plaintiff will supplement once requested documents are located.

REQUEST NO. 19.  Please produce any correspondence you have had with Mike's Tires & Service and its insurer(s).

RESPONSE:
None.

*Exhibit DD* *(pages unnumbered in original responses)*

13. CT Defendants served Interrogatories on Darelle Byers on September 14, 2018. Unfortunately, he passed away and no responses from Mr. Byers were provided.

14. As a result of Plaintiff's responses to the Interrogatories above and failure to provide any evidence or information in support of her claims against Defendant Mike's Tires, Defendants worked diligently to obtain information directly from Defendant Mike's Tires as to its records of any work performed in regard to Plaintiffs' vehicle.

15. On February 4, 2019, CT Defendants received the attached Declaration of Manny Jaure, the General Manager of Mike's Tires and Service, Inc., confirming the lack of any evidence to support Plaintiffs' allegations against Mike's Tires. *Exhibit Z, Declaration of Manny Jaure*. Pursuant to the Declaration, Mike's Tires states:

   a. Mike's Tires during the last five years has not performed any type of vehicle inspection services and only provides a select subset of vehicle upkeep tasks among which are tire sales and service, brake service, and the occasional oil change. *Id.* at ¶¶4,5,6.
   b. Mike's Tires has no records that Plaintiff's vehicle with the VIN of 1FTEF15Y6TNA10922 was ever serviced by Mike's Tires. *Id.* at ¶10.
   c. Neither the General Manager nor employees at Mike's Tires recall working on a vehicle with this VIN number, description or license plate. *Id.* at ¶¶8,9
   d. Even if Mike's Tires had serviced this vehicle, it would not have performed an inspection because that is not a service Mike's Tires performs or offers. *Id.* at ¶11.

16. Accordingly, the written discovery responses of Plaintiff Susan Byers and the Declaration of Defendant Mike's Tires demonstrate that Defendant Mike's Tires did not perform

any work on the Byers' vehicle. Therefore, Plaintiffs cannot support or maintain any of their allegations or claims against Defendant Mike's Tires.

17. The attached Declaration of Manny Jaure dated February 4, 2019 is the first document from which CT Defendants could ascertain that this case is removable because Plaintiffs had no cause of action against Defendant Mike's Tires. As such, this Notice of Removal is filed within 30 days of the time Defendants became aware that Plaintiffs had no chance of succeeding in their claims against Mike's Tires and thus, Defendant Mike's Tires was fraudulently joined. Therefore, the Notice of Removal is timely filed pursuant to the terms of 28 U.S.C. §1446(b).

## PLAINTIFFS FRAUDULENTLY JOINED DEFENDANT MIKE'S TIRES AND DIVERSITY OF CITIZENSHIP EXISTS

18. Plaintiffs fraudulently joined Defendant Mike's Tires to their state court action. Fraudulent joinder is established via either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Cuevas v. BAC Home Loans Serv'g, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). *See also Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (quoting *Dodd v. Fawcett Pubs., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) ("Fraudulent joinder need not involve actual fraud in the technical sense. Instead, it can occur when the plaintiff joins a 'resident defendant against whom no cause of action is stated' in order to prevent removal under a federal court's diversity jurisdiction.").

19. When fraudulent joinder is established, the Court disregards the fraudulently joined non-diverse party for removal purposes. *Anderson*, 528 F. App'x at 795. *See also Nance v. Certain Underwriters at Lloyds*, 393 F. Supp. 2d 1115, 1120 (D. N.M. 2005) (quoting 16 Moore's Federal Practice § 104.14[2][c][iv][A]) ("In determining diversity of citizenship, courts 'must disregard

7

nondiverse parties that are fraudulently joined.'"). Moreover, "the citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'" *Lenon v. St Paul Mercury Ins. Co*., 136 F.3d 1365, 1369 (10th Cir. 1998) (quoting *Navarro Savings Association v. Lee*, 446 U.S. 458, 460-61 (1980)).

20. When specific allegations of fraudulent joinder are made, the court pierces the pleadings, considers the entire record, and determines the basis of joinder by any means available. *Dodd*, 329 F.2d at 85. *See also Nance*, 393 F. Supp. 2d at 1120 ("To show fraudulent joinder, parties may use evidence outside the initial pleadings.").

21. Plaintiffs have no cause of action against Mike's Tires. They've been given more than fair and ample opportunity to disclose their evidence against Mike's Tires. None has been forthcoming.

22. As discussed above, Plaintiffs assert Defendant Mike's Tires performed inspections or maintenance on automobiles; performed inspection, work or maintenance on the Byers' pickup truck; that Defendant Mike's Tires was negligent; and that the alleged negligence of Defendant Mike's Tires caused the accident or the truck to stall. *See **Exhibit O** at ¶13, 36-40.*

23. Pursuant to the Declaration of the General Manager of Defendant Mike's Tires, it did not perform any inspections, maintenance or work on the Byers' vehicle. ***Exhibit Z***. Nor does it provide inspection services or maintenance services other than tire sales and service, brake service and oil changes. *Id.* Defendant Mike's Tires has no record of ever performing any work whatsoever in regard to the Byers' vehicle. *Id.*

24. Plaintiff Susan Byers' responses to written discovery cite to no evidence and provide no information to support Plaintiffs' allegations against Defendant Mike's Tires. **Exhibit Y**, *at p. 5 and* **Exhibit DD**.

25. Plaintiffs' discovery responses and Defendant Mike's Tires Declaration demonstrate there is no cause of action against Mike's Tires. Accordingly, CT Defendants have met their burden to establish that Defendant Mike's Tires was fraudulently joined in an unavailing attempt to defeat diversity jurisdiction and is not a proper defendant in this case.

26. Therefore, Defendant Mike's Tires' citizenship must be disregarded for purposes of determining removal jurisdiction due to the fraudulent joinder. *Nance*, 393 F. Supp. 2d at 1120.; *see Anderson*, 528 F. App'x at 795.

27. Because Defendant Mike's Tires was fraudulently joined, the action instituted by Plaintiffs in state court is a civil action for which the United States District Court has original jurisdiction due to the diversity of citizenship of the real parties to the dispute in accordance with 28 U.S.C. § 1332. *Id.*

28. Specifically, the controversy in this action is between citizens of different states, in that Plaintiffs are citizens of the State of New Mexico, **Exhibit O**, *at ¶¶5-7*; Defendant Central Transport is a citizen of the State of Michigan, **Exhibit W**; **Exhibit O**, *at ¶2*; and Defendant Gerardo Herrera-Montoya is a citizen of the State of Texas, **Exhibit S**, *at ¶2*.

**THE ALLEGED DAMAGES EXCEED THE DIVERSITY JURISDICTION AMOUNT**

29. The facts stated in Plaintiffs' Complaint, and the damages Plaintiffs seek, establish the amount in controversy exceeds $75,000. "The amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

30. Plaintiffs' action is "on behalf of the Wrongful Death Estate of Darelle Byers and for personal injuries suffered by Susan Byers." *Exhibit O*, *at ¶4.*

31. Plaintiffs' action against CT Defendants arises out of their allegations that Defendant Gerardo Herrera-Montoya, acting in the course and scope of his employment with Defendant Central Transport, struck the rear of the vehicle being driven by Darelle Byers and in which Susan Byers was a passenger. *Id.* at ¶¶10-15.

32. Plaintiffs allege claims for negligence and negligence *per se* against Defendant Gerardo Herrera-Montoya and a claim for negligent hiring, negligent entrustment, negligent training and supervision, and respondeat superior against Defendant Central Transport. *Exhibit O*.

33. Plaintiffs allege Defendant Gerardo Herrera-Montoya's negligence was the cause of the accident, of the injuries to Plaintiffs, and of the death of Plaintiff Darelle Byers. *Id.* at ¶19.

34. Plaintiffs assert wrongful death, personal injury and punitive damages. They allege the following damages specifically: Reasonable medical expenses in the past and future; Lost earnings in the past and future; Disfigurement in the past and future; Aggravation of Preexisting Conditions/Injuries; Pain and suffering in the past and future; Loss of enjoyment of life in the past and future; Hedonic damages-value of life separate and apart from lost earnings; Reasonable nonmedical expenses in the past and future; Punitive damages; Loss of consortium and mental anguish; and all other damages to which they are entitled to recover by law. *Id.* at ¶¶45, 46.

35. In explanation of their punitive damages claim, Plaintiffs further allege that CT Defendants' purported acts and omissions were "malicious, willful, reckless, grossly negligent and/or wanton" under New Mexico law and as such, they are entitled to an award of punitive damages. *Id.* at ¶¶20, 34, 47.

36. In Plaintiff Susan Byers' Objections and Answers to Defendant Central Transport LLC's First Set of Interrogatories, her Interrogatory No. 1 response states she suffered several injuries due to the accident: Traumatic brain injury; Left frontal subarachnoid hemorrhage; Left mandibular fracture; C1 right lateral arch fracture; T3 through T5 vertebral body fractures; Left first and fourth rib fractures; Right third and eighth rib fractures; Bilateral pneumothoraces; Avulsion injury of the scalp (frontoparietal); Left corneal ulcer; Acute respiratory failure; Posttraumatic hemorrhagic anemia; Acute pulmonary embolism; Fractured left jaw with 4 teeth removed; Cuts on left foot; Injury to left eye; and Various internal injuries. ***Exhibit AA***, *at p.2*.

37. In regard to each non-medical item of damage which Plaintiffs claims as a result of this accident, Plaintiff Susan Byers asserts in response to Interrogatory No. 10 that she lost her husband and their truck and camper as well as her deceased mother's wedding rings. *Id. at p. 4*.

38. Additionally, Plaintiff Susan Byers' medical invoice served upon CT Defendants from UMC El Paso for her admission date June 29, 2018 to discharge date of August 1, 2018 alone is for $476,600.59. ***Exhibit BB***, *Darelle Byers 510226-000718*. This invoice, undoubtedly, demonstrates claimed amounts in excess of $75,000.

39. Based on the allegations in Plaintiffs' Complaint, Plaintiffs' responses to interrogatories, and medical invoices disclosed, CT Defendants satisfied their burden to show the facts and damages alleged by Plaintiffs establish the amount in controversy well exceeds the jurisdictional threshold of $75,000 for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

40. Therefore, jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(a), since the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## THIS CASE IS PROPERLY REMOVABLE

41. Based on the foregoing, this action is properly removable pursuant to 28 U.S.C. § 1441(a), because it is a suit over which the United States District Court for the District of New Mexico would have original diversity jurisdiction pursuant to 28 U.S.C. § 1332.

42. Venue is proper before United States District Court for the District of New Mexico because it is the District Court for the district within which the action is pending in accordance with 28 U.S.C. §1446(a); pursuant to 28 U.S.C. § 1391(b)(2).

43. CT Defendants will serve and certify service of copies of this Notice of Removal to Plaintiffs as required by 28 U.S.C. § 1446(d).

44. CT Defendants will file a copy of this Notice of Removal with the Clerk of the First Judicial District, County of Santa Fe, State of New Mexico pursuant to 28 U.S.C. § 1446(d). *See* copy of state court Notice of Filing of Notice of Removal, attached as ***Exhibit CC***.

45. CT Defendants hereby certify that a trial in this matter has not been set, but a Scheduling Conference is set for March 1, 2019 in the First Judicial District, County of Santa Fe, State of New Mexico. In accordance with D.N.M.LR-Civ 81.1 and 28 U.S.C. § 1446(a), a copy of the state court action docket sheet is attached and the following instruments, which were filed in the New Mexico state court action, are attached hereto as designated below:

    Exhibit A    Complaint
    Exhibit B    Jury Demand (12 person)
    Exhibit C    Summons Return – Mike's Tires and Service
    Exhibit D    Summons Return – Central Transport LLC
    Exhibit E    Summons Return – Gerardo Herrera-Montoya
    Exhibit F    Motion for Appointment of Guardian ad Litem for Susan Byers
    Exhibit G    Order Denying Motion for Appointment of Guardian ad Litem for Susan Byers
    Exhibit H    Answer of Central Transport LLC and Gerardo Herrera-Montoya

| | |
|---|---|
| Exhibit I | Answer (Mike's Tires) |
| Exhibit J | Motion for Appointment of Guardian ad Litem (Unopposed Motion to Appoint Personal Representative) |
| Exhibit K | Motion for Leave to File Amended Complaint |
| Exhibit L | Order Approving Probate/Appointment of Personal Representative |
| Exhibit M | Notice of Compliance |
| Exhibit N | Order Granting Leave to File Amended Complaint |
| Exhibit O | Amended Complaint |
| Exhibit P | Judge Excusal/Peremptory Challenge |
| Exhibit Q | Notice of Judge Assignment |
| Exhibit R | Answer to Amended Complaint (Mike's Tires) |
| Exhibit S | Answer of Defendants Central Transport LLC and Gerardo Herrera-Montoya to Amended Complaint |
| Exhibit T | Request for Hearing Setting (Rule 1-016 Scheduling Conference) |
| Exhibit U | Notice of Hearing (Rule 1-016 Scheduling Conference for March 1, 2019 at 4:15 p.m.) |
| Exhibit V | Docket for Case No. D-101-CV-2018-02066 |

46. In their Jury Demand, Plaintiffs demand a jury trial.

47. CT Defendants have complied with all of the requirements of 28 U.S.C. § 1446.

48. All grounds for removal from State District Court have been met, and CT Defendants so certify pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted on this 8th day of February, 2019.

          HALL & EVANS, L.L.C.

          s/ *Paul T. Yarbrough*_____
          Paul T. Yarbrough
          1001 17th Street, Suite 300
          Denver, CO  80202
          303-628-3300
          yarbroughp@hallevans.com
          **ATTORNEYS FOR DEFENDANTS**
          **CENTRAL TRANSPORT LLC AND**
          **GERARDO HERRERA-MONTOYA**

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served this 8th day of February, 2019 via both CM/ECF and via electronic mail upon the following email addresses:

David J. Jaramillo
JARAMILLO LAW FIRM
505 Roma Ave., NW
Albuquerque, NM 87102
Tel: 505-200-9454
Fax: 505-717-1502
david@djnmlaw.com
*Attorneys for Plaintiff*

Stuart R. White
Kevin W. Liles
LILES WHITE PLLC
505 N. Water Street, Suite 800
Corpus Christi, TX 78401
Tel: 361-826-0100
Fax: 371-826-0101
stuart@lileswhite.com
kevin@lileswhite.com
efiling@lileswhite.com
*Attorneys for Plaintiff*

David M. Lopez
LOPEZ, DIETZEL, PERKINS, & WALLACE, P.C.
P.O. Box 1289
1311 N. Grant Street
Silver City, NM 88061
Tel: 575-538-2925
Fax: 575-388-9228
david@ldplawfirm.com
*Attorneys for Defendant Mike's Tires & Service*

            *s/ Paul T. Yarbrough*
            Paul T. Yarbrough
            1001 17th Street, Suite 300
            Denver, CO  80202
            303-628-3300
            yarbroughp@hallevans.com
            **ATTORNEYS FOR DEFENDANTS CENTRAL TRANSPORT LLC AND GERARDO HERRERA-MONTOYA**