IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


SUSAN BYERS, Individually; and
RACHEL HIGGINS, as Personal
Representatives of the Estate of Darelle
Byers, Deceased,

        Plaintiffs,

v.                                                          No. 19-cv-0107 JAP/GBW

CENTRAL TRANSPORT, LLC;
GERARDO HERRERA-MONTOYA; and
MIKE'S TIRES & SERVICE, INC.,

        Defendants.


## MEMORANDUM OPINION AND ORDER

On February 15, 2019, Defendant Mike's Tires & Service Inc. (MTSI) filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), requesting that the Court dismiss MTSI from this civil action for lack of subject matter jurisdiction over it.[1] (Doc. 5). Plaintiffs Susan Byers and Rachel Higgins, as personal representative of the Estate of Darelle Byers (Plaintiffs), responded in opposition to the Motion to Dismiss (Doc. 8), and it is fully briefed.[2] On March 11, 2019, Plaintiff filed a Motion to Remand (Doc. 11), which Defendants Central Transport, LLC

---

[1] *See* MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FROM DEFENDANT MIKE'S TIRES & SERVICES (Motion to Dismiss) (Doc. 5). Defendant MTSI describes its Motion to Dismiss as a request to "Dismiss Plaintiffs' First Amended Complaint." Based on the briefing, the Court construes the Motion a request by MTSI to dismiss claims in the First Amended Complaint against MTSI only.
[2] *See* PLAINTIFFS' RESPONSE TO DEFENDANT MIKE'S TIRES & SERVICE, INC.'S MOTION TO DISMISS (Resp. MTD) (Doc. 8); REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FROM DEFENDANT MIKE'S TIRES & SERVICE, INC. (Reply MTD) (Doc. 12).

1

and Gerardo Herrera-Montoya (CT Defendants) oppose (Doc. 13).[3] The primary issue, common to both motions, is whether Plaintiffs have fraudulently joined Defendant MTSI to avoid federal court jurisdiction. The Court, having considered the parties' motions and applicable law, will grant Plaintiffs' Motion to Remand and will remand the case to the First Judicial District Court, County of Santa Fe, State of New Mexico. Because it lacks jurisdiction, the Court will not address Defendant MTSI's Motion to Dismiss.

## BACKGROUND

On July 17, 2018, Plaintiffs Darelle and Susan Byers filed a civil action in New Mexico state court seeking damages for negligence resulting in personal injury against Defendants Central Transport, LLC, Gerardo Herrera-Montoya, and MTSI. (Doc. 1 at ¶ 5; Original Complaint, Doc. 1-2). The claims arise out of a collision that occurred on June 29, 2018 on Interstate 10 in New Mexico between a Central Transport tractor-trailer operated by Defendant Herrera-Montoya and the vehicle driven by Darelle Byers in which his wife Susan was a passenger. (*See* Original Complaint, Doc. 1-2 at ¶¶ 7-8). Plaintiffs allege that Defendant MTSI had performed work on the Byers' vehicle and missed a defect that contributed to the vehicle stalling. (Doc. 1-2 at ¶¶ 9-10). Plaintiffs aver that this caused Mr. Byers to attempt to move to the highway's shoulder to restart the vehicle, at which time the truck Defendant Herrera-Montoya was operating struck the Byers' vehicle from the rear. (Doc. 1-2 at ¶¶ 11-12). Sometime after the complaint was filed, Mr. Byers died. As a result, on December 11, 2018, Plaintiffs filed their First Amended Complaint, substituting Plaintiff Rachel Higgins as Personal Representative of the Estate of Darelle Byers for

---

[3] *See* PLAINTIFF'S MOTION FOR REMAND (Motion to Remand) (Doc. 11); DEFENDANTS CENTRAL TRANSPORT LLC'S AND GERARDO HERRERA-MONTOYA'S RESPONSE TO PLAINTIFFS' MOTION FOR REMAND (Remand Response) (Doc. 13); PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR REMAND (Remand Reply) (Doc. 14)

Plaintiff Darelle Byers, and adding a wrongful death claim. (*See* First Amended Complaint, Doc. 1-16).

On February 8, 2019, Defendants Central Transport and Herrera-Montoya (collectively, CT Defendants), invoked the doctrine of fraudulent joinder and removed the case from state court to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a).[4] (*See* Notice of Removal, Doc. 1). On February 15, 2019, Defendant MTSI filed a motion under Federal Rule of Civil Procedure 12(b)(1), also based on fraudulent joinder, asking the Court to dismiss any claims in the First Amended Complaint against MTSI and to terminate MTSI as a defendant for lack of subject matter jurisdiction. (Doc. 5). The CT Defendants do not oppose MTSI's request. (Doc. 5). Plaintiffs responded in opposition to Defendant MTSI's motion, but also separately filed a Motion to Remand these proceedings to state court.

## DISCUSSION

Initially, the Court must decide which of the two pending motions to address first – Defendant MTSI's Motion to Dismiss or Plaintiffs' Motion to Remand. "[T]here is no unyielding jurisdictional hierarchy," requiring a federal court to address one jurisdictional matter before the other, *Ruhrgas AG v. Marathon Oil. Co.,* 526 U.S. 574, 578 (1999), and courts have held that "the district court has the discretion to decide which to take up first." *Zufelt v. Isuzu Motors Am., L.C.C.,* 727 F. Supp. 2d 1117, 1125 (D. N.M. 2009). In this case, the two pending motions are based on the same principal issue. Because resolution of the Motion to Remand determines the Court's

---

[4] Defendant MSTI never joined in or consented to removal as required by statute. *See* 28 U.S.C. § 1446(b). Nevertheless, "nominal, unknown, unserved, or fraudulently joined defendants" need not consent to removal. *McShares, Inc. v. Barry,* 979 F. Supp. 1338, 1342 (D. Kan. 1997). Consent is required only if MSTI was "properly joined." *See* § 1446(b)(2)(A).

jurisdiction to address MTSI's Motion to Dismiss, the Court will first address the Motion to Remand.

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.,* 248 F.2d 61, 65 (10th Cir. 1957). As such, courts are to strictly construe the removal statutes and resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *See Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1079 (10th Cir. 1999).

The CT Defendants removed this case under 28 U.S.C. § 1332(a), on the ground that this Court has diversity jurisdiction. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson,* 733 F.3d 980, 987 (10th Cir. 2013). The parties do not dispute that the amount in controversy here exceeds $75,000. However, both Plaintiffs and Defendant MTSI are New Mexico citizens. (Doc. 1, ¶ 4; Doc. 1-16 at ¶¶ 3-7). Accordingly, as pleaded in the First Amended Complaint, complete diversity does not exist in this case.

Nevertheless, "[a] district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent." *Baeza v. Tibbetts,* Case No. 06-cv-0407 MV/WPL, 2006 WL 2863486, *7 (D. N.M. July 7, 2006). Courts have long held that the right of removal cannot be defeated by "a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron &*

*Steel Co.,* 257 U.S. 92, 97 (1921). "Joinder may be deemed fraudulent if the alleged facts are not sufficient to state a cause of action against the defendant under the governing substantive law or if it is clear that the plaintiff cannot succeed on the merits." *Sakura v. Goodyear Tire & Rubber Co.,* No. 12-cv-00791 RB/WPL, 2012 WL 13013066, at *2 (D. N.M. Dec. 17, 2012).

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher,* 733 F.3d at 988 (internal quotation marks and citation omitted). The CT Defendants seek to establish fraudulent joinder by the second method. Under the second method, the CT Defendants "must demonstrate that there is no possibility that [plaintiffs] would be able to establish a cause of action against [MTSI] in state court." *Montano v. Allstate Indem.,* 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2000) (quoting *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir. 2000) (quotation marks omitted)). In determining whether there is any possibility of recovery, the Tenth Circuit has instructed that courts should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications,* 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted).

The law places a "heavy burden" on the party asserting fraudulent joinder in the context of a motion to remand, a standard that "is more exacting than that for dismissing a claim under" Federal Rule of Civil Procedure 12(b)(6). *Montano v. Allstate Indem.,* 211 F.3d 1278, 2000 WL 525592, *2 (10th Cir. 2000) (unpublished). And "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher,* 733 F.3d at 988 (internal quotation marks and citation omitted). Where the defendant's argument is based on a factual issue, "the issue must be capable of summary determination and be proven with complete certainty," and courts may not "pre-try…doubtful

5

issues of fact to determine removability." *Smoot v. Chicago, R.I. & P.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967). Moreover, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 853 (3d Cir. 1992). If the defendant fails to establish with complete certainty upon undisputed evidence that the non-diverse defendant is not liable, then the Court must remand the case back to the state court without ruling further in the matter. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 414 F.3d 1169, 1175 (10th Cir. 2005); *see also Bellman v. NXP Semiconductors USA, Inc.,* 248 F. Supp. 3d 1081, 1130 (D. N.M. 2017) ("Fraudulent joinder must be established with complete certainty upon undisputed evidence.").

## **ANALYSIS**

In their Motion to Remand, Plaintiffs argue that the CT Defendants have not met their "heavy" burden to demonstrate that Plaintiffs fraudulently joined Defendant MTSI to this action. (Doc. 11). Specifically, Plaintiffs contend that the evidence the CT Defendants rely on in support of fraudulent joinder – Plaintiffs' discovery responses and a declaration from non-diverse Defendant MTSI's general manager - cannot be used to establish with "complete certainty on undisputed evidence" that Plaintiffs have no cause of action against MTSI. To the contrary, the CT Defendants maintain that there is no factual or legal possibility for Plaintiffs to prevail against nondiverse Defendant MTSI. Plaintiffs alternatively challenge the removal on the ground that it was untimely.

### A. The CT Defendants Have Not Met Their Burden to Establish Fraudulent Joinder

As the basis for removal and in response to Plaintiffs' motion to remand, the CT Defendants argue that Plaintiffs fraudulently joined MTSI because there is no possibility that Plaintiffs would

be able to establish a cause of action against MTSI in state court. Whether Plaintiffs might be able to recover from MTSI for negligence is a question of New Mexico state law. A negligence claim under New Mexico law generally requires the existence of a duty owed by a defendant to a plaintiff, breach of that duty based on failure to exercise reasonable care, and that the breach was the cause-in-fact and proximate cause of the plaintiff's damages. *See Bellman v. NXP Semiconductors USA, Inc.,* 248 F. Supp. 3d 1081, 1119 (D. N.M. 2017) (citing *Herrera v. Quality Pontiac,* 2003-NMSC-018, ¶ 6, 134 N.M. 43, 73 P.3d 181, 185-86).

On its face, Count IV of Plaintiffs' First Amended Complaint asserts the requisite elements of a negligence claim against MTSI. (Doc. 1-16, ¶¶ 35-43). Plaintiffs allege that MTSI is an automobile shop that services tires and automobiles and performs inspections and maintenance on automobiles. (Doc. 1-16, ¶¶ 35-36). According to Plaintiffs, MTSI "performed inspection, performed work and maintenance" on the Byers' pickup truck, and at the time work was done, MTSI "failed to detect, identify, and correct an issue" with the truck. (Doc. 1-16, ¶¶ 37-38). Plaintiffs contend that a reasonably prudent automobile shop exercising ordinary care would have detected, identified, and corrected the issue, and that failure to do so was a cause of the truck stalling on the highway and the collision which led to Plaintiffs' damages. (Doc. 1-16, ¶¶ 39-42). Plaintiffs fail to specify when MTSI allegedly performed work on the truck, what work had been requested of MTSI, and what specific defect MSTI failed to detect and correct.

Although the lack of specificity could constitute a conclusory allegation of liability without supporting factual content under federal pleading standards, *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-57 (2007), New Mexico's notice pleading standards are less stringent. *See Deutsche Bank Nat. Trust co. v. Johnson,* 2016-NMSC-013, ¶ 26, 369 P.3d 1046 (discussing New Mexico's well-established pleading standards which require that a complaint contain only "a short and plain

statement of the claim showing that the pleader is entitled to relief"). As the Tenth Circuit has stated, the test is not whether the Plaintiffs actually alleged a negligence claim, but whether "there is no possibility that [Plaintiffs] would be able to establish a cause of action against [MTSI] in state court." *Montano v. Allstate Indem.,* 211 F.3d 1278, 2000 WL 525592, at *4-5 (10th Cir. 2000). The CT Defendants rely on Plaintiffs' discovery responses and a declaration from MTSI's General Manager, Manny Jaure, to support their claim that Plaintiffs have no cause of action against Defendant MTSI and that MTSI was fraudulently joined. (*See* CT Def. Ex. Y, Discovery Responses, Doc. 1-26; CT Def. Ex. Z, Jaure Decl., Doc. 1-27). *See Smoot,* 378 F.2d at 882 ("[F]ederal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.").

The discovery responses the CT Defendants rely on to establish fraudulent joinder shed no more light on removability of this action than the First Amended Complaint did. In his first set of interrogatories addressed to Plaintiff Susan Byers, Defendant Herrera-Montoya sets forth several requests for information pertaining to Defendant MTSI. (Doc. 1-26). For example, Defendant Herrera-Montoya requested that Plaintiff Susan Byers disclose dates when she took the vehicle involved in the accident to MSTI for inspection, work and maintenance, requested the nature of the "defect/issue" with the vehicle, and requested the nature of the work performed by MTSI referenced in the Complaint. (Doc. 1-26 at 5). Defendant Herrera-Montoya also asked that Plaintiff Byers provide specific detail about what she feels MTSI did or failed to do which caused or contributed to the accident at issue. (Doc. 1-26 at 5). Plaintiff Byers' responses to the interrogatories are common objections – claiming that the request is overly broad and unduly burdensome, that it "is invasive of the core attorney work product privilege and consulting expert privilege, calls for speculation from Plaintiff," and is "premature." (Doc. 1-26 at 5). The responses

8

refer Defendant Herrera-Montoya back "to the Complaint on file, the documents produced in the case and anticipated testimony." (Doc. 1-26 at 5). The CT Defendants suggest that these responses demonstrate that there is no evidence or cause of action against MTSI. (Doc. 1 at 9; Doc. 13 at 5-6). The Court disagrees. Under any reasonable reading, Ms. Byers' discovery responses contain no new, different, or additional information than the Complaint on the question of whether MTSI was fraudulently joined. In fact, the responses reveal nothing about the strength or weakness of Plaintiffs' claims against MTSI. Accordingly, Plaintiff Byers' responses to Defendants' interrogatories are insufficient to demonstrate that Plaintiffs could not possibly recover against Defendant MTSI in state court.

However, the CT Defendants also rely on a declaration from MTSI's General Manager, Manny Jaure, to demonstrate that MTSI did not owe a duty to Plaintiffs and that, as a result, Plaintiffs cannot satisfy any of the elements of a negligence claim. (Doc. 13 at 7). "Whether a duty exists is a question of law for the courts to decide." *Herrera v. Quality Pontiac,* 2003-NMSC-018, ¶ 6, 134 N.M. 43, 73 P.3d 181 (internal quotation marks and citation omitted). It is a general principle of New Mexico law that "every person has a duty to exercise ordinary care for the safety of the person and property of others." NMRA, Civ. UJI 13-1604 (2011). An individual's duty to exercise ordinary care exists "under the circumstances according to the standard of conduct imposed upon [him] by the circumstances." *Calkins v. Cox Estates,* 1990-NMSC-044, 110 N.M. 59, 792 P.2d 36. Accordingly, "[i]n deciding whether ordinary care has been used, the conduct in question must be considered in light of all surrounding circumstances." NMRA, Civ. UJI 13-1603. "If it is found that a plaintiff, and injury to that plaintiff, were foreseeable, then a duty is owed to that plaintiff by the defendant." *Herrera,* 2003-NMSC-018, ¶ 7 (internal quotation marks and citation omitted).

In the declaration, Mr. Jaure asserts that MTSI has not provided general vehicle maintenance services for at least five years, but rather, has limited its services to "tire sales and service, brake service, and an occasional oil change." (Doc. 1-27 at ¶¶ 4-6). He further states that within that five-year period, MTSI has not held itself out to the public as offering general vehicle maintenance services or general vehicle inspection services, nor has it performed such services. (Doc. 1-27 at ¶¶ 5-6). Mr. Jaure declares that he does not recall working on the Byers' vehicle, has never heard of one of his employees working on the vehicle, and that there are no records at MTSI indicating that the Byers' vehicle was ever serviced by MTSI. (Doc. 1-27 at ¶¶ 7-11). The CT Defendants maintain that MTSI could not have owed any duty to Plaintiffs because, based on Jaure's statements, MTSI never performed work on the truck and even if it did perform some service at some point, it has not performed inspection or maintenance services in the last five years. (Doc. 13 at 8). Additionally, the CT Defendants argue that under New Mexico law "an individual has no duty to protect another from harm" unless a special relationship, absent here, creates that duty. (Doc. 13 at 8).

Given New Mexico's general principle of law pertaining to duty, and resolving all legal ambiguities in Plaintiffs' favor, *see Dutcher,* 733 F.3d at 988, it seems that New Mexico would recognize that a mechanic owes a duty of reasonable care to the vehicle owner to properly perform a repair when a vehicle is brought in for repairs. Any such duty would not be limitless, but rather must be viewed in light of all the surrounding circumstances and bound by that which is the foreseeable consequence of the mechanic's negligence. *See, e.g., Vrooman v. Beech Aircraft Corp.,* 183 F.2d 479, 480 (10th Cir. 1950) ("The range of duty is measured by that which should be reasonably anticipated and foreseen."). The Court finds as instructive the discussion of duty in *Porter v. Deere & Co.,* No. 12-cv-1986, 2013 WL 142611, (W.D. La. Jan., 11, 2013). In *Porter,*

a fraudulent joinder case, the court examined the duty a non-diverse tractor mechanic owed to an individual who died after being repeatedly run over by his tractor. No. 12-cv-1986, 2013 WL 142611, at *1 (W.D. La. Jan., 11, 2013). The plaintiffs claimed that the tractor mechanic was negligent in repairing the tractor and in failing to warn of a defective transmission, electrical system, and safety system. *Id.* The court recognized that the mechanic certainly owed a duty to the decedent. *Id.* at *4. However, the plaintiffs failed to refute the mechanic's deposition testimony that he had only worked on the tractor in two limited aspects: fixing a pinhole leak in the fuel tank and repairing an o-ring seal in the hydraulic hose. *Id.* The court determined that "[t]he extent of [the mechanic's] duty to repair the tractor, return it in a safe condition and warn of any dangers associated with the repairs, was limited only to those areas of the tractor on which he actually worked – the fuel tank and the hydraulic hose." *Id.* The mechanic testified that he did not service the transmission, electrical system, or safety system. *Id.* Accordingly, the court determined that there was no reasonable basis to predict that the plaintiffs might be able to recover against the tractor mechanic and denied the plaintiffs' motion to remand. *Id.* at *5.

The Court is required to resolve all factual disputes in Plaintiffs' favor. The portion of Mr. Jaure's declaration indicating that he does not remember ever servicing the Byers' vehicle, nor has he heard of an MTSI employee servicing the vehicle, merely highlights facts that are in dispute and does not establish that Plaintiffs could not possibly recover on their state court claims against MTSI. In fact, Mr. Jaure's declaration is directly controverted by Ms. Byers' declaration. In that declaration, Ms. Byers attests to the fact that the Byers' vehicle that was involved in the crash was "serviced and maintained on multiple occasions" by MTSI. (*See* Pl. Ex. A, Susan Byers Decl., Doc. 11-1). Although Ms. Byers' husband usually took the vehicle in for service, Ms. Byers

affirmed that she had accompanied her husband to pick the vehicle up from MTSI on multiple occasions. (*See id.*).

Even assuming, as the Court must, that the Byers brought their truck to MTSI for service, any duty MTSI owed to the Byers would necessarily be limited to the services MTSI provided just like the duty the tractor mechanic owed to the decedent in *Porter* was limited to the two areas of the tractor on which the mechanic worked. Mr. Jaure asserts in his declaration that MTSI has "handled only a select and exclusive subset of vehicle upkeep tasks for its customers, among which are tire sales and service, brake service, and the occasional oil change" for at least five years. (Doc. 1-27 at ¶ 4). Although Plaintiffs here do not directly dispute this statement, Ms. Byers' insists that the vehicle was "*serviced* and *maintained*" by MTSI. Perhaps critical to the Court's decision, unlike in *Porter* where the parties agreed that the mechanic worked on the tractor, here the parties directly dispute whether MTSI ever touched the Byers' truck at all, let alone on which aspects of the truck MTSI may have worked. Moreover, even if MTSI only performed on the Byers' pickup truck one of the three services listed in Mr. Jaure's declaration, the Court cannot conclude that there is no possibility that Plaintiffs would be able to establish a cause of action against MTSI in state court. The burden belongs to the CT Defendants and they have not met it.

Based on the record currently before it and viewing the permissible facts and law in the light most favorable to Plaintiffs, the Court concludes that the CT Defendants have not met their "heavy burden of demonstrating that there is no possibility that [ ] Plaintiff [s] would be able to establish a cause of action against" MTSI with "complete certainty upon undisputed evidence." *Bellman,* 248 F. Supp. 3d at 1132-33.

### B. Timeliness

Plaintiffs alternatively argue that, even if the Court were to conclude that MTSI was fraudulently joined, the case should be remanded to state court because removal was untimely. Because the CT Defendants failed to meet their burden of establishing that Plaintiffs fraudulently joined non-diverse Defendant MTSI, the issue of whether the CT Defendant timely filed the notice of removal is moot, and the Court will not address it.

### CONCLUSION

Because the CT Defendants cannot meet their burden of establishing fraudulent joinder, the Court concludes that it does not have subject matter jurisdiction over the case and will grant Plaintiffs' Motion to Remand (Doc. 11) the case to state court. Accordingly, the Court lacks jurisdiction to address Defendant MSTI's Motion to Dismiss (Doc. 5).

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion for Remand (Doc. 11) is GRANTED and this case and Plaintiffs' claims against Defendants Central Transport, LLC, Gerardo Herrera-Montoya, and Mike's Tires & Service, Inc. in the First Amended Complaint are remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE